IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Norman Lee Singleton,

 Plaintiff,

vs.

Nancy Berryhill, Acting,
Commissioner of Social Security,

 Defendant.

Civil Action No. 2:16-3489-RMG

**ORDER**

  Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying him Disability Insurance Benefits ("DIB") under the Social Security Act. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on November 1, 2017, recommending that the Commissioner's decision be reversed and remanded to the agency. (Dkt. No. 20). The Commissioner has filed a reply indicating that she will not file objections to the R & R. (Dkt. No. 22). As explained more fully below, the decision of the Commissioner is reversed in part and affirmed in part and remanded to the agency with instructions to award benefits on and after July 22, 2013.

**Legal Standard**

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

**Factual Background**

Plaintiff, who was 57 years of age at the time of the alleged onset of his disability on June 6, 2010, asserted that he was disabled due to severe pain and physical limitations associated with degenerative disc disease located in the lower lumbar spine region. An administrative law judge (ALJ) conducted an evidentiary hearing on March 6, 2013 and issued a decision on March 29, 2013 finding that Plaintiff was not disabled. In reaching that conclusion, the ALJ found that

while Plaintiff's degenerative disc disease was a severe impairment under the Social Security Act, he retained the residual functional capacity to perform medium work. Tr. 109-116. The record at that time documented Plaintiff's complaints of chronic back pain but the examinations and diagnostic studies were not particularly remarkable. For instance, Plaintiff's medical records documented that he had negative straight leg raises and no palpable tenderness on the lumbar spine on examination, and plain films of the lumbar spine documented degenerative changes but no evidence of nerve root compression. Tr. 465, 469-471. Further, a consulting examination was conducted by Dr. Harriett Steinert on March 15, 2012, which documented a normal physical examination and the absence of tenderness in the lumbar spine on palpation. Tr. 407-10. Two non-examining physicians offered opinions on March 29, 2012 and June 25, 2012 indicating that Plaintiff was capable of performing medium work. Tr. 86-88, 99-101. No treating provider offered any opinions regarding the degree of Plaintiff's impairments.

The Appeals Council granted review of the ALJ's decision and remanded the case to the ALJ on June 25, 2014 to address various deficiencies in the decision. Tr. 122-124. New medical records were submitted prior to a second evidentiary hearing on February 11, 2015, which offered new and material evidence regarding the progression of Plaintiff's degenerative disc disease. An examination by Rebecca Rakestraw, P.A.-C, who was Plaintiff's primary care provider at the Veterans Administration, documented in a July 22, 2013 office note that Plaintiff had palpable tenderness in his lower lumbar spine and positive straight leg raises on the right side. These were notable changes from Plaintiff's prior physical examinations. Ms. Rakestraw also noted that Plaintiff's pain radiated to his right lower extremity and he was requesting a cane to assist in ambulation. Tr. 564-65. Ms. Rakestraw ordered radiographic studies, increased

Plaintiff's pain medicine dosage, and approved a prescription for a cane. Tr. 565. Thereafter, an MRI of the lumbar spine was performed on August 9, 2013 and was interpreted by Dr. Bradley Amerson, a board certified radiologist. Dr. Amerson reported that Plaintiff's MRI revealed "multi-level degenerative disc disease of the lumbar spine, most pronounced at L5-S1" with a "broad based disc bulge bilaterally" that produced "severe bilateral neuroforaminal stenosis, compressing the exiting L5 nerve roots within the neural foramen." Tr. 507-08.

Plaintiff testified at his February 11, 2015 evidentiary hearing that his symptoms had worsened since the last hearing. Tr. 32. Plaintiff stated he was limited to walking approximately one block and any additional walking produced "excruciating" pain. Tr. 33-4. He told the ALJ "I just can't do nothing because if I try to do anything, my pain comes on." Tr. 36. Plaintiff stated that he lived with his sister and spent most of the time on the coach and around the house. Tr 41-2.

Ms. Rakestraw completed a questionnaire on February 26, 2014 concerning the nature and degree of Plaintiff's impairments. She stated that Plaintiff could not stand or walk more than two hours in an eight hour workday, never lift greater than 20 pounds, and would likely be absent approximately two days a month due to his degenerative disc disease. She noted the August 2013 MRI findings and her earlier clinical findings of "palpable tenderness over the lumbar spine" and "straight leg raise positive on r[ight]." She also stated that Plaintiff's pain would likely be exacerbated with heavy lifting. Tr. 482-85. If Ms. Rakestraw's opinions are correct, Plaintiff cannot remotely perform a medium level of work.

Despite these significant new findings, the ALJ again concluded in a decision of April 13, 2015 that Plaintiff possessed the residual functional capacity for medium work. Tr. 11-21. In

reaching that conclusion, the ALJ stated that "the treatment records failed to reveal evidence of any significant findings or limitations." Tr. 19. The ALJ gave "little weight" to the findings of Ms. Rakestraw, finding that her opinions were "not supported by the clinical findings." Tr. 18-19. The ALJ also gave "little weight" to the testimony of plaintiff, finding his testimony was "not consistent with the relatively benign clinical findings." Tr. 17. Although recognizing that the two chart reviewers had not reviewed Plaintiff's medical records since 2012 and Dr. Steinert had not examined Plaintiff or seen any medical records since her single May 2012 examination, the ALJ gave "great weight" to their findings that Plaintiff was capable of performing medium work. Tr. 18-19.

## Discussion

**A.     The ALJ's finding that "treatment records failed to reveal evidence of any significant findings or limitations" is is not supported by substantial evidence.**

The ALJ found that Plaintiff's treatment records "failed to reveal evidence of significant findings or limitations." Tr. 19. To the contrary, the record evidence in this case establishes the presence of multiple objective indications of severe degenerative disease on and after July 22, 2013. This includes Ms. Rakestraw's new and abnormal findings at the July 22, 2013 physical examination and the August 2013 MRI report by Dr. Amerson that Plaintiff had a multi-level disc bulge, severe stenosis, and L5/S1 nerve root compression,

The ALJ also found that Plaintiff "no significant findings or limitations" in the March 2013 decision, but that sentence contained additional language that Plaintiff's records failed to

disclose "evidence of stenosis or nerve root impairment."[1] Tr. 115. It is mystifying how the ALJ could make the same finding that there were no significant findings and limitations in Plaintiff's treatment records in the April 2015 decision when the record now contained evidence of stenosis and nerve root impingement. Clearly, there is not substantial evidence in the record to support his finding that there are not "significant findings or limitations" in the treatment record for the period on and after July 22, 2013.

**B.    The ALJ's finding that Ms. Rakeshaw's opinions are entitled to "little weight" because they are "not supported by the clinical findings" is not supported by substantial evidence.**

Ms. Rakestraw, who is a physician's assistant and Plaintiff's primary care provider at the VA, is not an "acceptable medical source" under Social Security rules and regulations, but is treated as an "other" medical source. SSR 06-03p, 2006 WL 2329939 (August 9, 2006). As such, information from physician assistants may be considered by the Commissioner in determining a claimant's application for disability because a treating physician assistant may have "special knowledge of the individual and may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* at *2.

The record clearly establishes that Ms. Rakestraw made significant and new clinical findings in her examination of Plaintiff on July 22, 2013. These new findings included positive straight leg raises on the right and palpable tenderness on the lower lumbar spine. Tr. 564. She recognized the potential significance of these new findings by increasing Plaintiff's pain

---

[1] The sentence in the ALJ's March 29, 2013 decision statesd: "There is no evidence of stenosis or nerve root impingement and treatment records failed to reveal evidence of any significant findings or limitations." Tr. 115. The sentence in the ALJ's April 13, 2015 decision stateds: "As discussed in detail above, treatment records failed to reveal evidence of any significant findings or limitations." Tr. 19.

medication dosage, providing him a cane, and ordering further radiographic studies. Tr. 565. The MRI she ordered, which was performed on August 9, 2013, demonstrated a multi-level disc bulge and nerve root compression, highly significant new findings. Tr. 507-08. Ms. Rakestraw's responses to the questionnaire, provided on February 26, 2014, made explicit reference to these clinical findings and the MRI results to support opinions. Tr. 482-85.

The ALJ's decision to provide "little weight" to Ms. Rakestraw's findings, based on the statement that they were not supported by the clinical record, is clearly not supported by substantial evidence and constitutes legal error. The practical effect of this legal error was to conduct a review of Plaintiff's disability application without consideration of the insights and findings of Plaintiff's primary treating provider at the critical time when his symptoms and radiographic findings markedly changed.

### C. The finding of the ALJ that Plaintiff's testimony was less than fully credible because it was "not consistent with the relatively benign clinical findings" is not support by substantial evidence.

The ALJ determined that the claimant's testimony was entitled to "little weight" because "it is not consistent with the relatively benign clinical findings." Tr. 17. Plaintiff informed the ALJ at the February 11, 2015 evidentiary hearing that his condition had worsened, he had limited mobility, and significant physical activity caused him excruciating pain. Tr. 32-36. This testimony was corroborated by Ms. Rakeshaw's July 22, 2013 office note and Dr. Amerson's August 9, 2013 MRI report. The record evidence of this case is certainly not limited to "relatively benign clinical findings" concerning Plaintiff's degenerative disc disease. To the contrary, Plaintiff's medical record from July 22, 2013 forward documents the presence of significant, advancing degenerative disc disease with nerve root compression. Tr. 482-85, 507-

08, 509, -533, 542-43, 563, 564-65. The ALJ's finding that the record contained only "relatively benign clinical findings" is not supported by substantial evidence.

> **D. The ALJ's finding that Plaintiff was capable of performing medium work is not supported by substantial evidence for the period on and after July 22, 2013.**

The ALJ found that Plaintiff was capable of performing a medium level of work for the entire time period at issue in this case. Tr. 14-19.[2] Medium work is defined under the Social Security Act as the ability to stand and walk, off and on, for a total of approximately six hours in an eight hour day. SSR 83-10 at *6, 1983 WL 31251 (1983). For most medium work jobs, "being on one's feet for most the workday is critical." *Id.* Additionally, a person performing medium work must be able to lift 25 pounds frequently (one third to two thirds of the time) and 50 pounds occasionally. *Id.* Because of Plaintiff's age and education, Plaintiff will be deemed disabled under the Social Security Act if he cannot perform medium work. 20 C.F.R. Pt. 404, Subpt. P., App. 2 § 202.06.

The only evidence in the record which indicates Plaintiff was capable of performing medium work was based on a one time consulting examination by Dr. Steinert and chart reviews by Drs. Smolka and Farkas, all performed on or before June 25, 2012. The record demonstrates that Plaintiff's degenerative disc disease markedly worsened in and around the time of his July 22, 2013 office visit with Ms. Rakestraw. The significance of her findings of positive straight leg raises on the right and palpable lumbar spine tenderness was confirmed by Dr. Amerson's MRI report of August 9, 2013. Under these circumstances, it is improper to find that Plaintiff was

---

[2] Oddly, the Commissioner repeatedly asserts in her brief to this Court that the ALJ found that Plaintiff was capable of performing only light work. (Dkt. No. 13 at 2, 3, 5). This is obviously an error.

capable of performing medium work on and after July 22, 2013 based upon these 2012 reports.

The Commissioner is obligated to weigh all relevant evidence, including all medical opinions. The opinions of non-examining and non-treating physicians are evaluated under the standards of the Treating Physician Rule, 20 C.F.R. § 404.1527. The Treating Physician Rule gives the greatest weight to treating medical sources. All opinions of medical sources are to be evaluated under the same standards, which include the physician's treating history, examining history, and the support of their opinions in the record. The regulation provides that an important factor in weighing the opinions of non-treating medical sources is "the degree to which these opinions consider all of the pertinent evidence . . ." *Id.* at 404.1527(c)(1), (2), (3).

The ALJ gave "great weight" to the opinions of Drs. Steinert, Farkas and Smolka, despite the fact that they had no access to the claimant or his medical records after June 2012. Under the standards of the Treating Physician Rule, giving "great weight" or any significant weight to the opinions of the non-examining and non-treating physicians who reviewed only a fraction of the relevant evidence is clear legal error. To allow the opinions of physicians who have not reviewed new and material evidence of a claimant's worsening condition to control a disability determination would render the Treating Physician Rule and the most elemental standards of due process meaningless.

The record evidence demonstrates that Plaintiff's degenerative disc disease markedly worsened on or about July 22, 2013. Therefore the Court finds that on and after July 22, 2013 there is not substantial evidence in the record to support a finding that Plaintiff was capable of performing medium work. For the period from the alleged onset date of June 6, 2010 until July 21, 2013, the Court finds there was substantial evidence in the record to support the

Commissioner's finding that Plaintiff was capable of performing medium work.

**Plaintiff's Remedy**

The Social Security Act provides a district court on appeal the authority to affirm, modify or reverse the decision of the Commissioner "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). While it has been this Court's practice generally to remand reversed disability decisions to the Commissioner for further administrative action, it is well settled that a district court may reverse the decision of the Commissioner and award benefits where further administrative proceedings would serve no useful purpose and the claimant is entitled to judgment as a matter of law on the record before the district court. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Breeden v. Weinberger*, 493 F. 2d 1002, 1012 (4th Cir. 1974).

Based on the foregoing, Plaintiff is entitled to a finding of disability on and after July 22, 2013 because there is not substantial evidence in the record to support a finding that he was capable of performing medium work. Any delay in an award of benefits to Plaintiff under these circumstances would serve no useful purpose and unnecessarily delay the grant of disability benefits to which he is entitled as a matter of law. Consequently, the Court remands this matter to the agency with instructions to award benefits to Plaintiff for the period on and after July 22, 2013.

**Conclusion**

Based upon the foregoing, the decision of the Commissioner is affirmed in part and reversed in part. For the period from the alleged onset of disability of June 6, 2010 to July 21, 2013, the decision of the Commissioner is affirmed. For the period July 22, 2013 forward, the

decision of the Commissioner is reversed pursuant to Sentence Four of 42 U.S.C. § 405(g) and remanded to the agency with instructions to award benefits.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

November 16, 2017
Charleston, South Carolina